IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MARK IV INDUSTRIES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 09-418 GMS |
| v. | ) | |
| | ) | |
| TRANSCORE, L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

## I.   INTRODUCTION

Presently before the court is the defendants' motion to dismiss the above-captioned patent infringement action. The defendants seek to dismiss the complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants also seek dismissal because they contend that the plaintiff breached a settlement and acted in bad filed by filing this action. For the reasons that follow, the court will deny this motion.

## II.   BACKGROUND

The plaintiff, Mark IV Industries Corp. ("Mark IV") and the defendants, TransCore Holdings, Inc.; TransCore L.P.; TransCore Partners, L.L.C.; TransCore ITS, L.L.C.; TLP Holdings, L.L.C.; Amtech Systems, L.L.C.; Amtech World Corp.; and IntelliTrans L.L.C. (collectively, "TransCore") are competitors in the vehicle toll and tracking systems industry. (D.I. 13 at 1.) On June 26, 2001, Mark IV and TransCore entered into a settlement agreement resolving prior litigation. (D.I. 13, Ex. A.) Paragraph 23 of the settlement agreement provides:

> The parties agree that before the commencement of any
> litigation arising from this Agreement or any other dispute

> between the parties, the parties will first provide written notice to the other party, and use their best efforts to have the key executives of each party meet within thirty (30) days following notice to seek to resolve the dispute. If they are unable to meet or reach agreement, then the parties will use their best efforts to submit the dispute to Antonio Piazza, Esq. before commencing suit. Only if Mr. Piazza declines to serve or is unable to resolve the dispute within thirty (30) days following notice will the parties commence litigation.

(D.I. 13, Ex. A.)

On May 20, 2009, Mark IV sent a letter to TransCore notifying them that TransCore's Encompass® 6 Reader and Encompass® IAG Plug-n-Play ("PnP") multi-protocol reader, as it is installed, infringes one or more of Mark IV's patents. (D.I. 13, Ex. B.) In a letter dated May 21, 2009, TransCore requested that Mark IV send them the patents it believed they infringed. (D.I. 13 at 2, Ex. C.) On May 29, 2009, Mark IV identified U.S. Patent Nos. 5,164,732; 5,196,846; and 6,219,613 (collectively, "the patents-in-suit") as the patents TransCore's products infringe. (D.I. 13 at 2.) The parties' key executives met in an attempt to resolve the dispute on June 5, 2009. (D.I. 23 at 7.) During the conference call, TransCore stated that Mr. Piazza would be available to mediate on June 12, 2009. (D.I. 23 at 7.) Mark IV indicated that it was unavailable that date, but would be available on June 15th or 16th. (D.I. 23 at 7.) TransCore contacted Mr. Piazza regarding Mark IV's alternate dates. (D.I. 23 at 7-8.) Unfortunately, Mr. Piazza was available only on June 12, 2009. (D.I. 13 at 2.) In an email communicating this information to Mark IV, TransCore also stated "[i]f [June 12, 2009] doesn't work for [Mark IV], then we feel that both parties have used their best efforts to submit the dispute to Mr. Piazza within 30 days from May 20th[, 2009], and have thus, met their obligations under Section 23 of the [2001] Settlement Agreement." (D.I. 13, Ex. D.) Mark IV replied that it would not be available on that date and time. (Id.)

On June 8, 2009, fourteen minutes after its email communicating that it was unavailable for the June 12, 2009 conference, Mark IV filed a complaint in this court. (D.I. 13 at 3.) The complaint alleges that TransCore's Encompass® 4, 5, or 6 Readers, Encompass® IAG PnP Reader System, eZGo Anywhere™ Standard On-Board Units, and all similar products infringe the patents-in-suit. (D.I. 1 ¶¶ 16, 20, and 24.) On June 26, 2009, TransCore filed a motion to dismiss the complaint. (D.I. 13.) Mark IV responded on July 16, 2009. (D.I. 23.) TransCore filed its reply in support of the motion to dismiss on July 27, 2009. (D.I. 29.)

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Under Rule 12(b)(6), the court accepts as true all factual allegations contained in the complaint. *See, e.g.*, *Calloway v. Green Tree Servicing, LLC*, 607 F. Supp. 2d 669, 673 (D. Del. 2009). A complaint does not need detailed factual allegations, however, "a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citations omitted). In other words, the plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). If they do not, the court should dismiss the complaint. *See id.*

3

## V.    DISCUSSION

TransCore asserts that Mark IV's complaint should be dismissed because the complaint 1) fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and lacks the specificity required under Federal Rule of Civil Procedure 8(a); 2) violates a settlement agreement executed by the parties; and 3) was filed in bad faith. (D.I. 13 at 1.)  The court will discuss each of TransCore's arguments for dismissal in turn.

### A.    Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and Lack of Specificity under Fed. R. Civ. P. 8(a)

TransCore asserts that Mark IV's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) because it "lacks sufficient specificity and factual support as required by Fed. R. Civ. P. (8)(a)." (D.I. 13 at 4.)  Rule 8(a) requires that a claim for relief contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  TransCore does not argue that the complaint inadequately pleads jurisdictional grounds or the relief sought.  Instead, TransCore challenges only how Mark IV pleads its infringement claim. (D.I. 13 at 4-5.)

Form 18 of the Federal Rules of Civil Procedure sets forth a model complaint for direct patent infringement.  *See* Fed. R. Civ. P. 84, Form 18.  Form 18 requires "only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that the defendant has been infringing the patent by making, selling, and using [the device] embodying the patent;  4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *McZeal v. Sprint Nextel Corp.*, 501

4

F.3d 1354, 1357 (Fed. Cir. 2007) (internal quotations omitted).

Mark IV's complaint satisfies the requirements of Form 18. Mark IV invokes the court's jurisdiction under 28 U.S.C. §§ 1338(a) and 1331. (D.I. 1 ¶ 11.) Mark IV also avers that it owns the patents-in-suit (D.I. 1 ¶¶ 15, 19, 23); that TransCore directly infringes these patents by making, using, selling and/or offering for sale the Encompass® 4, 5, or 6 Readers, Encompass® IAG PnP Reader System, eZGo Anywhere™ Standard On-Board Units and all other similar products (D.I. 1 ¶¶ 16, 20, 24); and demands both an injunction and damages (D.I. 1 ¶¶ A, B). Further, while Mark IV's complaint fails to aver that it provided TransCore with notice of infringement, the parties' briefs indicate that on May 20, 2009, Mark IV informed TransCore it believed that at least the Encompass® 6 Reader and Encompass® IAG PnP Reader System infringe its patents. (see D.I. 13, Ex. 1.) Therefore, the court is satisfied that Mark IV's complaint adequately pleads a cause of action for direct patent infringement under Federal Rule of Civil Procedure 8(a).

TransCore argues that the Supreme Court's recent pronouncement in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), heightened the pleading requirements and now requires a patent infringement plaintiff to plead specific claims of the patent allegedly infringed and describe how the allegedly infringing product works. (D.I. 29 at 1-2.) The court disagrees that *Iqbal* has such an effect on pleading direct patent infringement, because that issue was not before the Supreme Court in *Iqbal*. The Federal Circuit, however, has squarely addressed the pleading requirements in a patent infringement action, albeit prior to the Supreme Court's *Iqbal* decision. In *Phonometrics, Inc v. Hospitality Franchise Sys., Inc.*, the Federal Circuit held that a complaint need only cite the asserted patent and the "requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent." 203 F.3d 790, 794

5

(Fed. Cir. 2004). This holding was echoed recently in *McZeal v. Sprint Nextel Corp.*, where the Federal Circuit held that, in addition to not requiring a plaintiff to plead individual claims of the asserted patents, a plaintiff is likewise not required to plead specifics as to how an allegedly infringing product works. 501 F.3d at 1358. Instead, the Federal Circuit stated, the specifics of how a product works is something more appropriately determined through discovery. *Id.*

Additionally, TransCore argues that *Iqbal* supercedes all previous jurisprudence on the issue of pleading requirements, including Form 18 of the Federal Rules of Civil Procedure. (D.I. 29 at 1.) Again this court is not persuaded that *Iqbal* has such far reaching implications. *Iqbal* did not squarely address the continued vitality of the pleading forms appended to the Federal Rules of Civil Procedure. Absent an explicit abrogation of these forms by the Supreme Court, this court presumes that they are "sufficient to withstand attack under the rules under which they are drawn" and "practitioner[s] using them may rely on them to that extent." Fed. R. Civ. P. 84 advisory committee's note (1946 Amendment). Furthermore, *Iqbal* it undermines Transcore's argument. Specifically, the majority noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Given this language, and the practical difficulties of pleading patent infringement with more specificity than that required by Form 18, it is evident that *Iqbal* does not require the degree of specificity demanded by TransCore. Thus, drawing on its judicial experience and common sense, the court concludes that Mark IV's complaint asserts a cause of action for direct patent infringement in a manner sufficient to place TransCore on notice about that which Mark IV complains. In addition, Moreover, the complaint meets the requirements of Federal Rule of Civil Procedure 8(a). Therefore, the court will deny TransCore's

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## B.     Motion to Dismiss For Breach of Settlement Agreement

TransCore also moves the court to dismiss Mark IV's complaint, contending that the filing of the instant action violates the parties' settlement agreement. (D.I. 13 at 5.) Federal Rule of Civil Procedure 12(b) provides that a complaint may be dismissed for "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." None of these grounds for dismissal support an award of the relief Transcore seeks; nor does Transcore cite a single authority that would support its position.[1]

## C.     Motion to Dismiss for Bad Faith

TransCore also contends that Mark IV acted in bad faith in filing this action. (D.I. 13 at 6.) Given the stage of these proceedings and the dearth of authority offered by Transcore in support of the requested relief, the court does not believe dismissal to be appropriate at this time. In addition, the following, seemingly undisputed facts, are at least noteworthy: Mark IV gave TransCore notice that it suspected TransCore's products infringe its patents. (D.I. 13, Ex. B.) Additionally, Mark IV's executives met with TransCore's executives in an effort to resolve the dispute. (D.I. 13 at 2.) Finally, Mark IV, while unavailable on June 12, offered two dates within the thirty-day dispute resolution period on which it was available to meet with the mediator. (D.I. 23 at 7.) Even the parties' email exchange on June 8th indicates that they agreed that their actions satisfied the requirements of section 23 of the settlement agreement. In the email, TransCore

---

[1]Without in any way presupposing or intimating the outcome, or intending to suggest how the counsel should practice law, two other avenues of attack readily come to mind; a Rule 7(a) counterclaim and a motion to compel.

stated,"[i]f [June 12, 2009] doesn't work for [Mark IV], then we feel that both parties have used their best efforts to submit the dispute to Mr. Piazza within 30 days from May 20th[, 2009], and have thus, met their obligations under Section 23 of the [2001] Settlement Agreement." (D.I. 13, Ex. D.) Mark IV replied that it would not be available on that date and time and agreed that the requirements of section 23 were met. (Id.) Given these facts, in conjunction with the presumption that a patentee's complaint is filed in good faith, *see Springs Window Fashions LP v. Novo Industries, L.P.*, 323 F.3d 989, 999 (Fed. Cir. 2003), the court fails to see how in good faith Transcore can complain about Mark IV's conduct.

## VI.    CONCLUSION

For the aforementioned reasons, the court will deny TransCore's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b).

Dated: December 2, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK IV INDUSTRIES CORP.,          )
                                   )
        Plaintiff,                 )
                                   )      C.A. No. 09-418 GMS
        v.                         )
                                   )
TRANSCORE, L.P., et al.,           )
                                   )
        Defendants.                )

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.      The defendants' Motion to Dismiss (D.I. 12) is DENIED.

Dated: December 2, 2009

CHIEF, UNITED STATES DISTRICT JUDGE